UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CARRIE A. COLLINS,

                Plaintiff,

   -against-                                  6:08-CV-1357 (LEK/VEB)

MICHAEL J. ASTRUE, Commissioner
Social Security Administration,

                Defendant.

## DECISION AND ORDER

This matter comes before the Court following a Report-Recommendation filed on February 4, 2010 by the Honorable Victor E. Bianchini, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York. Report-Rec. (Dkt. No. 16). After ten days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Plaintiff Carrie A. Collins, which were filed on February 16, 2010. Objections (Dkt. No. 18).

It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A [district] judge... may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

This Court has considered the objections and has undertaken a de novo review of the record. The Court has determined that the Report-Recommendation should be approved with regard to its finding that "insofar as the ALJ's finding of 'moderate' deficiencies of

1

concentration, persistence or pace suggests [Plaintiff's depression is] a severe impairment," but that substantial evidence supported the ALJ's conclusion that her mental impairment did not create the marked restrictions required by § 12.04 of the Listings (Affective Disorders). Report Rec. at 8-10.  The Court further adopts the Magistrate's findings regarding the ALJ's adequate development of the record, and evaluation of the treating physician's assessment because substantial evidence supported the ALJ's conclusions.  Id. at 12-14.  Finally, the Court fully adopts the Report Recommendation's conclusions regarding Plaintiff's due process claim.  Id. 16-17.

The Court, however, finds reversible error in the ALJ's failure to explicitly include Plaintiff's mental impairment in her Residual Functional Capacity Assessment ("RFC") and in the hypothetical posed to the vocational expert ("VE").[1]  See Social Security Ruling 85-16, 1985 SSR LEXIS 18 at *3 (C.E. 1985) ("all limits on work-related activities resulting from the mental impairment must be described in the mental RFC assessment"); Dickson v. Astrue, No. 1:06-CV-0511, 2008 U.S. Dist. LEXIS 76180 at *32 (N.D.N.Y. Sept. 17, 2008) ("Courts will not hesitate to reverse and remand a case where the ALJ's mental residual functional capacity assessment did not follow the mandates of SSR 85-16" (citing Schaal v. Callahan, F. Supp. 85, 93 (D.Conn. 1997)) Monell v. Astrue, No. 8:08-CV- 0821 at *15-16, 2009 U.S. Dist. LEXIS 112503 (N.D.N.Y. Nov. 16, 2009), aff'd Monell v. Astrue, 2009 U.S. Dist. LEXIS 112495 (N.D.N.Y. Dec. 3, 2009).  The ALJ, therefore, committed

---

[1] The Report Recommendation found the hypothetical posed to the VE proper because it incorporated all the factors in the RFC, which it had previously found supported by substantial evidence.  Report Rec. at 15-16.  The Court adopts the Report Recommendation's discussion of the hypothetical posed to the VE except that which relates to the adequacy of the RFC in absence of inclusion of Plaintiff's mental impairment.

reversible error in failing to explicitly include and consider Plaintiff's mental impairment in her RFC and the hypothetical posed to the VE.

The Court, therefore, remands Plaintiff's case for further proceedings in accordance with this Decision and Order.

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 16) is **APPROVED** and **ADOPTED** in part; and it is further

**ORDERED**, that the Commissioner's decision denying disability benefits is remanded for further proceedings and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:    February 26, 2010
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge